IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHIM FATA,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 24-CV-2402 |
| ABRAHAM ORTIZ, *et al.*,  Defendants. | : : : | |

### MEMORANDUM

**GOLDBERG, J.**                                                                                 **OCTOBER 18, 2024**

Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action against numerous Defendants based on an alleged ongoing conspiracy against him in violation of his constitutional rights and various criminal and civil statutes. (ECF No. 9 ("Am. Compl.").)[1] Fata also filed a Motion for Leave to Proceed *In Forma Pauperis*, a "Confidential Motion for a Civil Action to Restrain from Harassment of a Victim or Witness," a

---

[1] Fata commenced this action on June 4, 2024 by submitting a letter requesting that the Court contact various governmental entities and/or individuals to obtain documents regarding his claims. (*See* ECF No. 1 at 1, 12.) Although the letter was deficient as a complaint, the Clerk of Court, in accordance with its obligations under Rule 5(d)(4) of the Federal Rules of Civil Procedure, opened this civil action. In a June 12, 2024 Order, the Court directed Fata to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure if he sought to proceed with this case. (ECF No 3.) Fata was issued an extension of time (*see* ECF No. 5), and he returned with his Amended Complaint on September 11, 2024. (ECF No. 9.)

An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings"). Consequently, Fata's Amended Complaint (ECF No. 9) is the governing pleading in this case.

"Confidential Motion for Witness Relocation and Protection," and a Motion for a Change of Venue.  (ECF Nos. 6-8 & 10.)  For the following reasons, the Court will grant Fata leave to proceed *in forma pauperis*, dismiss his Amended Complaint, and deny his remaining motions.

I.     FACTUAL ALLEGATIONS

The gist of Fata's Amended Complaint is that more than fifty different individuals, family members, attorneys, state and federal law enforcement agencies, and governmental entities from Pennsylvania and New Jersey have participated in a years-long conspiracy to cover up "various crimes" inflicted on Fata and his children.[2]  (Am. Compl. at 2.)[3]  Fata avers that the "original crime" of sexual abuse occurred in 2016 against his son in Monroe County, Pennsylvania.  (*Id.*)  He alleges that the "first conspiracy injury to cover this crime was in 2017" and it involved several counties in Pennsylvania and one in New Jersey.  (*Id.*)  Fata asserts that another conspiracy formed to cover up the prior conspiracy, "and then another conspiracy again, over and over, still today," all with the common purpose to cover up the original crime involving his son.  (*Id.*)

As the basis for his claims, Fata identifies more than 165 criminal and civil rights statutes, both state and federal, in list form.  (*Id.* at 7-8, 9-18.)  These statutes reference almost every crime imaginable, including, *inter alia*, conspiracy, wire fraud, slavery, RICO, maritime assaults, hate crimes, extortion, identity theft, homicide, kidnapping, tampering with consumer products, interference with commerce, obstruction, theft, sex trafficking, perjury, sexual abuse,

---

[2] Fata seeks to assert claims against several leaders and members of a religious group, the mother of his son and her boyfriend, the godparents of his children, his own mother, his four siblings, the Pennsylvania State Police, the New Jersey State Police, several Pennsylvania and New Jersey Counties together with their Children and Youth Departments, the Bayonne Police Department, the District Attorneys and Public Defenders for Pennsylvania and New Jersey, PrimeCare Medical, Lehigh County Jail, and the FBI.  (Am. Compl. at 4-6.)

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

stalking, wire and electronic communications interception, drug delivery resulting in death, assault, arson, forgery and fraud, intimidation of witnesses, disorderly conduct, public indecency, and computer hacking.  (*Id.*)  Fata also asserts, without further explanation, that his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment to the United States Constitution have been violated.  (*Id.* at 8.)  He cites *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), and he alleges more than ten different state law claims including negligence, defamation, assault, and abuse of process, again without further explanation.  (*Id.*)  Finally, he claims that more than twenty Rules of Professional and Judicial Conduct have been violated.  (*Id.* at 19-20.)  Fata seeks damages in the amount of $3 million to compensate him and his children.  (*Id.* at 21.)

When Fata filed his Amended Complaint, he also filed several motions.  In his "Confidential Motion for a Civil Action to Restrain from Harassment of a Victim or Witness," Fata asserts that there are "false police reports" concerning his mental health and that the "jail is trying to make a liar out of [him]."  (*See* ECF No. 7.)  Fata's "Confidential Motion for Witness Relocation and Protection" seeks the appointment of an "attorney general" because he "speak[s] of organized criminal activity and other serious offenses."  (*See* ECF No. 8.)  He alleges that he is possession of documents evidencing "an attempt[ed] murder on [him]" and he knows of a death that is "possibly connected to [him]."  (*Id.*)  He claims he has also witnessed other attempted murders.  (*Id.*)  Finally, in his Motion for a Change of Venue, Fata notes that Allentown, Pennsylvania "is not ideal since [he's] suing Lehigh County."  (*See* ECF No. 10.)  He contends that Harrisburg, Philadelphia, or Trenton, New Jersey are viable options.  (*Id.*)  Finally, he avers that he has other cases in this District that he'd like to join to this civil action, as well as two "New Jersey claim numbers."  (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Fata leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this case.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims.  *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.   DISCUSSION

### A.  Claims Brought on Behalf of Others

Fata is, in part, attempting to bring claims on behalf of his daughter and son.  (Am. Compl. at 4.)  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases

4

personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, any claims that Fata brings on behalf of his daughter or son must be dismissed without prejudice for lack of standing. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

### B. Fata's Claims

Fata's allegations lack a basis in fact. As discussed above, Fata generally alleges violations of his civil rights and the implication of more than 150 criminal statutes in connection with years-long conspiracies within conspiracies across two states, all to cover up a crime that was allegedly committed against his son in 2017. These allegations lack a rational basis. Accordingly, the Court will dismiss the Amended Complaint as factually baseless, without leave to amend. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per*

*curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming dismissal of plaintiff's claims that 62 defendants had a vast conspiracy against him spanning twenty years); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) (dismissing Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(i) where plaintiff claimed "that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic].'" (alterations in original)).

Moreover, to the extent that Fata seeks to assert civil liability based on lists of criminal statutes, his claims are not plausible. Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a

6

clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been allegedly violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 689 (1979).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss his Amended Complaint. The Court will dismiss Fata's clams as factually frivolous and dismiss any claims he sought to assert on behalf of others without prejudice for lack of standing. His motions will be denied. An appropriate Order dismissing this case follows.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**